■ ABE SPIGNER, Respondent, v. PHILIP KUPERSMIT et al., Appellants.— Motion to vacate order dated October 5, 1960, dismissing the appeal, and to restore the appeal to the calendar, granted. Appellants are directed to perfect the appeal and to be ready to argue or submit it at the December Term, beginning November 28, 1960. The appeal is ordered to be placed on said calendar for said term. The record and appellants' brief must be served and filed on or before November 10, 1960. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.

■ ZARA CONTRACTING CO., INC., Respondent, v. LONG ISLAND LIGHTING COMPANY et al., Defendants, and NEW YORK TELEPHONE COMPANY, Appellant.— Motion by appellant to extend its time to answer, or otherwise move with respect to the amended complaint, granted; time extended until 10 days after the entry of the order determining the appeal. Nolan, P. J., Beldock, Pette and Brennan, JJ., concur; Christ, J., not voting.

■ FLORENCE BLUM, Appellant, v. IRVING W. BLUM, Respondent.— In an action for a separation, the plaintiff wife appeals from an order of the Supreme Court, Kings County, dated June 1, 1960, which denies her motion: (1) to modify the judgment of separation by increasing the amount of the alimony awarded to her; and (2) for other relief. Order reversed on the law and the facts, with $10 costs and disbursements, and matter remitted to Special Term to determine, after a hearing before the court or a referee, whether there has been such a change in the circumstances of the parties as would warrant a modification of the provision for support. In our opinion, the papers submitted present issues of fact which should not have been decided on affidavits alone. Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■ CARLOTTA J. CORKEDALE, Respondent, v. JOHN CORKEDALE, JR., Appellant.— In an action for a separation, defendant appeals from two orders: (1) an order of the Supreme Court, Orange County, dated May 26, 1960, which: (a) finds him to be in contempt of court for nonpayment of alimony and directs a hearing limited to the questions of the amount of the arrears and his ability to pay the same; and (b) denies his cross motion to modify the terms of the judgment of separation so as to award him custody of the infant daughter of the parties and to eliminate from such judgment the provision requiring payment of alimony; and (2) an order of said court, dated May 27, 1960 and entered after the hearing adjudging defendant in contempt, which fines him the amount of the alimony arrears ($1,925) plus $150 costs and expenses of the proceeding, or a total of $2,075, with leave to purge himself by paying $300 within 10 days and $30 a week commencing June 13, 1960. Orders affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.